IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MARCUS ANTHONY REDRICK,      §
                             §
          Petitioner,        §
                             §
VS.                          §      Civil Action No. 4:15-CV-201-Y
                             §
RODNEY W. CHANDLER, Warden,  §
FCI-Fort Worth,              §
                             §
          Respondent.        §

## OPINION AND ORDER

Before the Court is petitioner Marcus Anthony Redrick's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 against Rodney W. Chandler, warden of the Federal Correctional Institution in Fort Worth, Texas (FCI-Fort Worth), Respondent.

After having considered the petition and relief sought by Petitioner, the Court has concluded that the petition should be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is serving a 60-month term of imprisonment on his 2014 conviction in this Court for conspiracy to possess with intent to distribute a controlled substance. (Resp't's App. 13, ECF No. 5.) By way of the instant petition, Petitioner seeks additional prior custody credit toward his federal sentence for 386 days spent in federal custody pursuant to a writ of habeas corpus ad prosequendum based on the Court's assertion that he would get

credit for any time spent in federal custody.[1] Pet., Attach., Tr. of Proceedings 10-11, ECF No. 1.)

To establish the factual background of the case, the government has provided the declaration of Shannon Rodriguez, a Management Analyst at the Designation and Sentence Computation Center of the Bureau of Prisons (BOP), providing:

. . .

2.  In this position, I have access to official records compiled and maintained by the Federal Bureau of Prisons (BOP), many of which are located in the BOP computerized records (SENTRY), inmate files, Judgment and Commitment Orders, sentence computation letters, records created by state and local officials, Presentence Investigation Reports, and BOP program statements.

3.  It is my understanding that the Petitioner, Marcus Redrick, Federal Register Number 46117-177, alleges he is entitled to prior custody credit from May 2, 2013, through May 19, 2014. I have reviewed the sentence computation for Mr. Redrick.

4.  BOP records show that on June 8, 2012, Mr. Redrick was arrested by the Hillsboro, Texas, Police Department and booked for possession of a controlled substance. He posted bond and was released the same day. Charges were not filed in state court. On November 7, 2012, Mr. Redrick was arrested by the Fort Worth, Texas, Police Department for possession of a controlled substance. He posted bond and was released the same day. Charges were not filed in state court.

5.  BOP records also show that on April 12, 2013, Mr. Redrick was arrested by local officials and booked into the Harrison County Jail in Harrison County,

---

[1]Respondent asserts that the petition should be dismissed for failure to exhaust administrative remedies. (Resp't's Resp. 3-5, ECF No. 4.) *See United States v. Wilson,* 503 U.S. 329, 335 (1992). However, because Petitioner is not entitled to the relief he seeks, the petition is denied on the merits.

2

Texas. A federal detainer based on his current offense was filed the same day.

6. On May 2, 2013, Mr. Redrick was taken into custody by the United States Marshals pursuant to a writ of habeas corpus ad prosequendum.

7. On April 29, 2014, the United States District Court for the Northern District of Texas sentenced Mr. Redrick to a 60 month term of imprisonment to be followed by four years of supervised release for violation of 21 U.S.C. §§ 846 & 841(a)(1) and 841(b)(1)(B), conspiracy to possess with intent to distribute a controlled substance. *The Court ordered the federal sentence to run consecutively to any future sentence imposed in Harrison County, Texas.*

8. On May 19, 2014, the U.S. Marshals returned Mr. Redrick to the Harrison County Jail.

9. On June 9, 2014, the 72nd District Court of Harrison County, Texas, sentenced Mr. Redrick to a 14 month term of imprisonment for possession of marijuana. His state sentence was ordered to commence on June 9, 2014. The state awarded him credit for time served from April 12, 2013, through the date his state sentence was imposed.

10. On June 12, 2014, state officials notified federal officials that Mr. Redrick had completed service of his state sentence on June 10, 2014.

11. On June 12, 2014, Mr. Redrick was taken into federal custody for service of his federal sentence.

12. Mr. Redrick's sentence was computed to commence on June 12, 2014. He was awarded one day of prior custody credit against his federal sentence for June 11, 2014, the day following completion of his state sentence and the day before he was taken into federal custody for service of his federal sentence. Mr. Redrick was awarded two days of prior custody credit for June 18, 2012, and November 7, 2012, when he was placed in official detention by local police departments for charges related to his current federal offense.

3

13. If Mr. Redrick receives all good conduct time projected, it is anticipated that he will be released from BOP custody on October 16, 2018.

14. I have reviewed Mr. Redrick's administrative remedy history. Mr. Redrick filed an administrative remedy request with the Warden of FCI Fort Worth on November 13, 2014, requesting prior custody credit. That request was denied on December 23, 2014. He filed an administrative remedy request regarding prior custody credit with the South Central Regional Office on January 23, 2015, labeling it sensitive. That request was denied because it was not a sensitive issue on February 13, 2015.

. . .

(Resp't's App. 2-4, ECF No. 5 (emphasis added).)

## II. DISCUSSION

Title 18 U.S.C. § 3585, entitled "Calculation of a Term of Imprisonment," determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in "official detention" before the sentence began. It states:

(a) **Commencement of sentence.**—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) **Credit for prior custody.**—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
(1) as a result of the offense for which the sentence was imposed; or
(2) as a result of any other charge for which

4

the defendant was arrested after the commission of
the offense for which the sentence was imposed;

*that has not been credited against another sentence.*

18 U.S.C. § 3585 (emphasis added).

When administering a federal sentence, the BOP must give a
defendant credit for any time that he spent in official detention
prior to the date on which he commenced service of that sentence,
as a result of the offense for which the sentence was imposed or
any other charge for which he was arrested after he committed that
offense, that has not been credited against another sentence. *See*
18 U.S.C. § 3585(b). Section 3585(b) expressly prohibits awarding
a prisoner "double credit for his detention time." *United States v.
Wilson,* 503 U.S. 329, 337 (1992). Limited exceptions to the
prohibition of double credit can arise when the federal sentence
runs concurrently with a state sentence. *See Kayfez v. Gasele,* 993
F.2d 1288 (7th Cir.1993); *Willis v. United States,* 438 F.2d 923
(5th Cir. 1971). No such exception applies here because
Petitioner's federal sentence was ordered to run consecutively to
his state sentence. *Kayfez,* 993 F.2d at 1289; *Willis,* 438 F.2d at
925. All of the time that Petitioner served in custody has been
credited toward either his state or his federal sentence, and he is
not entitled to any additional credit. It is well settled that time
spent by a prisoner in federal custody for the purpose of appearing
in federal court via a writ of habeas corpus ad prosequendum is not
counted towards the federal sentence if that time was credited

5

toward his state sentence. *United States v. Brown,* 753 F.2d 455, 456 (5th Cir. 1985). Consequently, petitioner is not entitled to relief.

For the reasons discussed, Petitioner's petition for a writ of habeas corpus is DENIED. Further, for the reasons discussed, a certificate of appealability is DENIED.

SIGNED May 5, 2016.


_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE